IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 06-0112 LJO |
| Plaintiff, | ORDER:  DISCOVERY MOTION |
| vs. | |
| ELI SALGADO-PATINO, | |
| Defendant. | |
| _____/ | |

On November 30, 2007, the oral argument on Defendant's motion (and the Government's objections) took place in Department 8. Appearing on behalf of the moving defendant was Assistant Federal Defender Ann Voris. Appearing on behalf of the Government was Assistant United States Attorney Kathleen Servatius. After argument, the matter was taken under submission.

Defendant requested the issuance of a subpoena Duces Tecum pursuant to FRCrP 17c requesting records from the Bureau of Narcotics Enforcement (BNE) in Fresno. The records requested pertained to the confidential informant (C.I.) used in the instant case. The defendant requested all records in the possession of the BNE agents and their dealing with the C.I. IN OTHER CASES. Some of the records requested dated back as far as 1991. The Government, in their opposition, both in writing and orally pointed out that the BNE was not involved in the instant case at all, rather the involved agencies were the United States Drug Enforcement Administration and the Stanslaus County Drug Enforcement Agency.

The Government concedes that it is obligated to disclose evidence relating to the credibility of its witnesses pursuant to Giglio v United States, 405 U.S. 150 (1972), but only after the witness testifies. United States v Rinn, 586 F.2d 113 (1978, 9th Circuit). This would include promises or inducements made to the witnesses in the instant case since such information does affect credibility. Bagley v Lumpkin 798 F.2d 1300 (1986). The Government, however, denies any responsibility to obtain

1 information it does not have.

2     In the instant application of the defense, they request that the Court allow the issuance of a subpoena duces tecum pursuant to FRCrP 17c to an agency that had nothing to do with the instant facts of the charges faced by the defendant. Defense Counsel concedes that she has no idea what documents the BNE has or does not have in any of the categories requested. Defense Counsel asserts that she needs the subpoenaed documents to be able to confront and cross-examine witnesses, including and seemingly especially the government informant. More specifically, defense counsel wants documents to be able to question the informant about the informant's relationship with her child's father, Mr. Rodriguez. (Mr. Rodriguez was allegedly discredited by a District Judge in the Northern District of California). Counsel also wants information to be able to discredit the informant's testimony by showing how much money some government (State and Federal) agencies have paid to her over the past twenty years as an informant.

    There is no question that defense counsel is using Rule 17c as a broad discovery device. This is prohibited because, if allowed, it would encourage an end run around the limitations of FRCrP 16. In addition, seeking relationships between the informant and agencies OTHER THAN agencies involved in the instant case are wholly irrelevant to the instant case.

    Defense Counsel's assertion that unless she subpoenas the documents requested, she'll never know what exactly she's asking for, or what documents they may have that fit into any of the requested categories is a correct one. The problem is that the law does not allow her to go on a discovery mission in the manner sought.

    The application for the 17c subpoena duces tecum is denied.

**IT IS SO ORDERED.**

**Dated:**   **November 30, 2007**                  **/s/ Lawrence J. O'Neill**

UNITED STATES DISTRICT JUDGE